UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH J. HEIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13-CV-401 (CEJ) |
| ) | |
| UNICARE LIFE & HEALTH INSURANCE ) | |
| COMPANY and LORD AND TAYLOR ) | |
| LONG TERM DISABILITY PLAN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to compel responses to interrogatories and requests for production. Defendants have filed a response in opposition and the issues are fully briefed.

**I.      Background**[1]

The Lord and Taylor Long Term Disability Plan (the plan) is an employee welfare benefit plan governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461. UniCare Life & Health Insurance Company (UniCare) is the plan administrator. Plaintiff Joseph J. Heil applied for long-term disability benefits, effective October 8, 2010, following spinal surgery to address lumbar stenosis and disc herniation. Defendants awarded him benefits through January 24, 2011. Plaintiff, contending that he has been continuously disabled, appealed the decision to discontinue his benefits. On November 11, 1011, defendants denied plaintiff's appeal.

---

[1] The Court's statement of background facts is based on plaintiff's complaint.

Plaintiff filed this action against UniCare and the plan, alleging that the denial of benefits was the product of procedural irregularities in the review process. Specifically, he alleges that defendants' reviewing physicians: (1) placed "ambush calls" to his doctors without giving them an opportunity to review their medical files and then ignored their subsequent clarifications; (2) ignored the results of an MRI that he claims provided objective proof of his disability; and (3) intentionally misconstrued information in the medical records. He also alleges that defendants failed to provide a vocational analysis to the reviewing physicians, disregarded the Social Security Administration's determination that he is disabled, and made improper credibility determinations.

II.   **Legal Standards**

The general rule in ERISA cases is that a court's review is limited to evidence that was before the plan administrator. Jones v. ReliaStar Life Ins. Co., 615 F.3d 941, 945 (8th Cir. 2010). A disability claimant is responsible for ensuring that evidence related to his or her medical condition is presented to the plan administrator and will not be allowed to reopen the record to submit additional evidence that is more favorable than the evidence considered by the administrator. Davidson v. Prudential Ins. Co. of Am., 953 F.2d 1093, 1095 (8th Cir. 1992). See also Crosby v. Louisiana Health Serv. & Indem. Co., 647 F.3d 258, 263 (5th Cir. 2011) (plan participants not entitled to supplement court record with new evidence demonstrating that they are entitled to benefits); Murphy v. Deloitte & Touche Grp. Ins. Plan, 619 F.3d 1151, 1162 (10th Cir. 2010) (courts prohibited from considering materials outside administrative record where the extra-record materials relate to a claimant's eligibility for benefits). Thus, plaintiffs in ERISA cases are not entitled to discovery directed to establishing their eligibility for benefits.

Discovery related to other areas may be appropriate, however. A "district court may permit discovery and supplementation of the record" to establish that "a palpable conflict of interest or serious procedural irregularity" caused a "serious breach" of the plan's fiduciary duty to a plan participant. Menz v. Procter & Gamble Health Care Plan, 520 F.3d 865, 870-71 (8th Cir. 2008).[2] Courts also permit discovery of an administrator's dual role as decisionmaker and administrator. Whipple v. UNUM Group Corp., No. 10-5075JLV, 2012 WL 589565, at *3 (D.S.D. Feb. 22, 2012) (citing cases allowing discovery related to dual role conflict of interest); Howard v. Hartford Life & Acc. Ins. Co., CIV. 11-MC-14, 2011 WL 3795155, at *2 (W.D. Ark. July 5, 2011) (allowing limited discovery to explore conflict of interest); Winterbauer v. Life Ins. Co. of N. Am., 4:07CV1026DDN, 2008 WL 4643942, at *6 (E.D. Mo. Oct. 20, 2008) ("[I]t seems logical to allow some discovery" on conflict of interest). In addition, discovery may be appropriate "[i]f it is necessary for adequate *de novo* review of the fiduciary's decision." Donatelli v. Home Ins. Co., 992 F.2d 763, 765 (8th Cir. 1993).

Another source of law exists in the regulations issued by the Department of Labor regarding the requirements for a "full and fair review" of an adverse benefits determination. A claimant is entitled to "all documents, records, and other information

---

[2]There has been no determination whether the *de novo* or abuse-of-discretion standard of review will apply in this case. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989) (benefits decision examined under *de novo* standard unless plan gives administrator discretion); Janssen v. Minneapolis Auto Dealers Ben. Fund, 477 F.3d 1109, 1113 (8th Cir. 2006) (deferential review conducted where administrator given discretion). Plaintiff alleges in his complaint that the plan documents do not give defendants discretion in interpreting the plan or determining entitlement to benefits, in which case the *de novo* standard applies. Doc. #1, ¶12. In their opposition to discovery, defendants state that the plan does give them discretion, but they have not cited to any specific provision. Also unresolved by the parties' pleadings is whether UniCare has a conflict of interest as defined by Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105 (2008), arising from a dual role as decisionmaker and plan administrator.

relevant to the claimant's claim for benefits." 29 § C.F.R. 2560.503–1(h)(2)(iii). A document is "relevant" to a claim for benefits if it:

> (i) Was relied upon in making the benefit determination;
>
> (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
>
> (iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
>
> (iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 C.F.R. § 2560.503–1(m)(8).

### III.  Discussion

Plaintiff served three interrogatories and three requests for production. Defendants object to providing any information or documents outside the administrative record. In addition, they assert that plaintiff's requests are overly broad and burdensome or seek material that is not relevant or is privileged. Defendants have not provided a privilege log.

Defendants rely on Jones v. ReliaStar Life Ins. Co., 615 F.3d 941 (8th Cir. 2010), to support their opposition to plaintiff's motion to compel. In Jones, the plan administrator reduced the plaintiff's disability benefits to offset benefits he received from the Veteran's Administration. In his ERISA action, the plaintiff sought discovery relevant to the administrator's conflict of interest. The Eighth Circuit held that discovery was unnecessary because the administrator conceded that it was both the insurer and administrator. Id. at 945. With respect to the merits of the decision to deny benefits, the Eighth Circuit held plaintiff's challenge "involves an application of

policy language to undisputed facts" and discovery was not required "to permit a fair evaluation of ReliaStar's decision." Id.

District courts have distinguished Jones where the plaintiff's claim involved disputed facts, *e.g.*, Whipple, 2012 WL 589565 at *3; the administrator did not follow its own internal procedures in reaching its decision, *e.g.*, Ennis v. Prudential Ins. Co. of America, 4:12CV432SNLJ, 2103 WL 203293, at *2 (E.D. Mo. Jan. 17, 2013); or the administrator failed to consult plaintiff's physician after stating that it would do so, *e.g.*, Bailey v. American Heritage Life Ins. Co., 1-11CV15 SNLJ, 2011 WL 5325563, at *2 (E.D. Mo. Nov. 3, 2011) ("serious procedural irregularity" resulted where plan administrator led claimant to believe certain medical records were being considered when they were not).

Interrogatory 1 asks defendants to identify the duties and functions of five entities in connection with plaintiff's claim.[3] Defendants argue that they should not be required to explain matters that appear in the administrative record. Plaintiff is entitled to know the sources of information defendants relied on to deny his claim and defendants will be required to answer this interrogatory. If the required information appears in the administrative record, defendants may cite to the relevant portions. Similarly, Request 2 seeks written communications between defendants and several identified individuals and entities[4] relating to plaintiff's "status or condition." This information is discoverable under Department of Labor regulations. Defendants object

---

[3]The five entities are: UniCare Life & Health Insurance Company; Managing Care Managing Claims; Behavioral Medical Interventions; Custom Disability Solutions; and Lord and Taylor Long Term Disability Plan.

[4]The individuals are reviewing physicians Jaime Foland, M.D., and Richard Kaplan, M.D. The entities are those listed above plus Disability Claims Service, Wellpoint, Inc., and the Atlanta Disability Service Center or DRMS.

that the request is overbroad and burdensome because it is unlimited in time. The three-year period since plaintiff first applied for benefits is not unduly long.

Interrogatory 2 and Request 1 are directed to ambiguities or gaps in the administrative record.[5] Where defendants insist that the Court's review is limited to the administrative record, it is appropriate to require them to make sure that the record is comprehensible to both the plaintiff and the reviewing court.  Defendants will be directed to provide responses to Interrogatory 2 and Request 1.

Request 3 seeks "all audit records for the audit or other procedures referred to on page 233" of the administrative record.  Defendants assert that the requested records are not relevant.  The Court lacks sufficient information to determine what the "audit" consists of or whether it is relevant to plaintiff's claims.  This request will be denied without prejudice.

Interrogatory 3 seeks information regarding the rates at which the reviewing physicians have recommended approving or denying claims.  Plaintiff does not allege that the physicians have a record of wrongfully denying meritorious claims and the Court concludes that the requested information is not relevant.

Defendants assert that some of the documents plaintiff seeks are privileged. When a party withholds materials as privileged, it must "expressly make the claim," and "describe the nature" of the withheld materials "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Rule 26(b)(5)(A).

---

[5] Interrogatory 2 asks defendants to explain the following statement in the administrative record:  "The Claim . . . has not been sent to QA due to the Random Percentage 10% at 24-Mar-2011." Request for Production 1 seeks production of five blank or redacted pages.

> A party must notify other parties if it is withholding materials otherwise subject to disclosure under the rule or pursuant to a discovery request because it is asserting a claim of privilege or work-product protection. To withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection.

Rule 26(b) advisory committee note (1993 amend.).

Defendants argue that they are not required to produce a privilege log for material they redacted from the administrative record because the material consists of "post-complaint information" that is irrelevant to plaintiff's claim. The date on which the redacted material was created has no bearing on the obligation to comply with Rule 26(b)(5)(A). Defendants will be required to produce the requested materials or produce a satisfactory privilege log.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel discovery [Doc. #15] is **granted**.

**IT IS FURTHER ORDERED** that, not later than **November 8, 2013**, defendants shall answer Interrogatories 1 and 2 and produce documents responsive to Requests 1 and 2. Defendants must produce a privilege log for any responsive materials they withhold pursuant to a privilege.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of October, 2013.